UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANGELO CARZOGLIO,
*Petitioner*,

v.

JOSEPH T. CORRADINO,
*Respondent*.

No. 3:23-cv-00614 (JAM)

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

The petitioner Angelo Carzoglio is a sentenced prisoner in New York. He seeks habeas corpus relief from a detainer that has been lodged against him by the respondent—a Connecticut state prosecutor—who has filed criminal charges against Carzoglio in Connecticut. Carzoglio alleges that the Connecticut charges must be dismissed because the prosecutor has failed to comply with the Interstate Agreement on Detainers.

It appears, however, that the petitioner has failed to exhaust state court remedies in Connecticut before seeking relief in this Court. For this reason, the Court issues this order to show cause to allow the petitioner an opportunity to explain why the Court should not dismiss the petition.

### BACKGROUND

Petitioner Angelo Carzoglio is serving a sentence at a prison in the State of New York.[1] He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to challenge a detainer issued by the respondent who is the State's Attorney of Fairfield County in Connecticut.[2]

---

[1] Doc. #1 at 1, 19.
[2] *Id*.

1

Carzoglio seeks relief under the Interstate Agreement on Detainers (IAD), which is an interstate compact to establish procedures for resolution of one State's outstanding charges against a prisoner of another State. *See New York v. Hill*, 528 U.S. 110, 111 (2000). The IAD allows a State that has charges pending against a prisoner who is in the custody of another State to file a "detainer" with the other State so that the other State will hold the prisoner or notify the requesting State when release is imminent. *Ibid.* After such a detainer has been lodged against a prisoner, the prisoner in turn may file a request for a final disposition of the charges, and upon such a request the State which has filed the detainer must generally bring the prisoner to trial within 180 days on the pending charges that serve as the basis for the detainer. *Ibid.*

Carzoglio faces charges in Connecticut for conspiracy, burglary, and larceny.[3] After a detainer based on these charges was filed with the prison in New York where Carzoglio is incarcerated, Carzoglio exercised his rights under the IAD to demand a disposition of the charges within 180 days.[4] But more than 180 days have passed without further prosecution of the charges in Connecticut.[5] Carzoglio now seeks "to have the warrant lifted and vacated, and an 'order of dismissal' of all accused charges."[6]

According to Carzoglio, no response to his request for a disposition of the charges was received from the respondent or from the Connecticut Superior Court.[7] He states that he has not made any further appeal to any court from this lack of response.[8]

---

[3] *Id.* at 15, 17.
[4] *Id.* at 17, 29.
[5] *Id.* at 2, 30.
[6] *Id.* at 2.
[7] *Ibid.*
[8] *Id.* at 4, 6-7, 9 (answering "No" to all queries about whether he has filed any appeals).

**DISCUSSION**

It is a basic requirement that before a prisoner who is in state custody may seek habeas corpus relief from a federal court the prisoner must first exhaust available remedies in the state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A state prisoner's claim is not exhausted until it has been presented and ruled on by the highest state court capable of reviewing it. *Id.* at 845. A federal court may *sua sponte* raise the failure of a habeas corpus petitioner to exhaust state court remedies. *See Gulliver v. Dalsheim*, 687 F.2d 655, 657 n.1 (2d Cir. 1982); *Young v. McClendon*, 2022 WL 2952772, at *5 (D. Conn. 2022).

It does not appear from Carzoglio's petition that he has made any effort to exhaust his state court remedies (*i.e.*, to file a petition for writ of habeas corpus in any state court of Connecticut or to appeal from any denial of relief by a state court in Connecticut). Accordingly, it appears that Carzoglio's petition must be dismissed for failure to exhaust state court remedies. *See Thomas v. Smeal*, 2010 WL 1981569, at *3 (D. Conn. 2010) (dismissing federal habeas corpus petition alleging violation of the IAD for failure to exhaust state court remedies); *Manns v. Martinez*, 2008 WL 5104809, at *2 (D. Conn. 2008) (same).[9]

---

[9] There is also some question whether a violation of the IAD may furnish the basis for a grant of habeas corpus relief. *See Joyce v. Pataki*, 100 F.3d 941 (2d Cir. 1996) (summary order) ("In this circuit, a violation of the IAD is not a cognizable claim under 28 U.S.C. § 2254.").

**CONCLUSION**

For the reasons set forth above, it appears that the petition for writ of habeas corpus is subject to dismissal for failure to exhaust state court remedies. But before the Court dismisses the petition, it will allow Carzoglio an opportunity to file a response to explain why the petition should not be dismissed. Carzoglio may file any response on or before **May 26, 2023**.

It is so ordered.

Dated at New Haven this 12th day of May 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge